# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH
### NO. 02-14-00450-CR


ERIC BLEDSOE                                                          APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1325173D

----------

## DISSENTING OPINION

----------

I concur in the majority's resolution of Appellant's issues, but as to the State's cross-point, I cannot agree that a judgment must contain the sentencing details in the statement of the offense. I therefore respectfully dissent from the conscientious majority opinion.

In its cross-point, the State argues that the trial court's judgment incorrectly sets out the penal code provision for the offense of which Appellant was

convicted when the judgment states that the "Statute for [Appellant's] Offense" is penal code section "22.021(a)(2)(B)" and that the judgment incorrectly names the offense for which Appellant was convicted as aggravated sexual assault of a child. The State argues that the judgment should instead provide that Appellant was convicted under penal code section 22.021(f) and that the name of the offense set out in the judgment should be aggravated sexual assault of a child *under six years of age.* Otherwise, the State argues, the experienced professionals in the Texas penal system will not know. The majority appears to agree. I believe the State is incorrect.

The State argues that its requested changes are mandated by the importance of this information to prison officials for many years into the future. The State may be correct that the information is important, but the State confuses offense code provisions with punishment code provisions. The offense for which Appellant was tried and convicted is aggravated sexual assault of a child, as set out in penal code section 22.021(a)(1)(B)(i), (2)(B).[1] The name of the offense for which Appellant was tried and convicted is not described in section 22.021(f).[2] That subsection provides that "[t]he minimum term of imprisonment for an offense under this section is increased to 25 years if . . . the

---

[1] *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (2)(B) (West Supp. 2014).

[2] *See id.* § 22.021(f).

victim of the offense is younger than six years of age at the time the offense is committed . . . ."[3]  It is a punishment provision.

Additionally, the judgment specifically states that "Sex Offender Registration Requirements apply to the Defendant.  Tex. Code[] Crim. Proc. chapter 62.  The age of the victim at the time of the offense was Younger than 6 Years of Age."  Thus, the judgment correctly sets out the statute under which Appellant was tried and convicted, sets out the name of the offense—aggravated sexual assault of a child, notes that Appellant must register as a sex offender, and provides ample notice of the fact that the child complainant was under six years of age to the prison officials who will have to determine Appellant's release date.[4]

Further, penal code section 22.021(f) does not prohibit parole for offenders convicted of sexual assault of a child under six years of age.  That prohibition is found in government code section 508.145, which provides, "[An inmate] serving a sentence for an offense under Section 22.021, Penal Code, that is punishable under Subsection (f) of that section is not eligible for release on parole."[5]

---

[3]*Id.*

[4]*See* Tex. Code Crim. Proc. Ann. art. 42.01 (West Supp. 2014) (providing requirements of judgment).

[5]Tex. Gov't Code Ann. § 508.145(a) (West 2012).

3

The majority states that

> The State's requested modification is warranted because it was an element of the offense that the State was required to prove, because it ensures proper calculation of [Appellant]'s sentence for aggravated sexual assault of a child under six, and because [Appellant] does not argue it would be improper.

Respectfully, the plain reading of the statute suggests that proof that the complainant was a child younger than six is not an element of the offense of aggravated sexual assault of a child that the State was required to prove to establish Appellant's guilt. A plain reading of the statute suggests that the State was required to prove only that the complainant was a child under the age of fourteen in order to prove Appellant's guilt of the offense alleged in the indictment, aggravated sexual assault of a child. Relying on the plain reading, which we must,[6] the fact that the child is under six years of age is a punishment issue, not an element of the offense.

The majority relies in part on an unpublished opinion, *Leija-Balderas v. State*,[7] as authority for adding the punishment issue to the description of the offense, yet the *Leija-Balderas* court deleted the notation on the judgment that the child was five at the time the defendant committed the offense of aggravated

---

[6]*See Swearingen v. State*, 303 S.W.3d 728, 732 (Tex. Crim. App. 2010) ("As an appellate court, we must give effect to the plain meaning of the statute.").

[7]No. 05-14-00648-CR, 2015 WL 1454948 (Tex. App.—Dallas Mar. 27, 2015, pet. ref'd) (mem. op., not designated for publication).

sexual assault of a child under fourteen.[8]  It appears that this unpublished opinion stands, at least in part, for the proposition that the judgment should state the offense of which a defendant was convicted, not descriptive details.

The judgment should provide the name of the offense that the State was required to prove in the space for the name of the offense and the punishment information in the space for punishment information.  We have not mandated that descriptive details be included in the statement of the offense in other kinds of cases.  By our decision to rewrite the judgment, we run the risk of increasing the State's burden of proof for conviction by requiring the State to prove not only the elements of the offense as determined by the legislature, but also punishment facts as essential elements of the offense.  I therefore respectfully dissent from the majority opinion.

/s/ Lee Ann Dauphinot

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED:  October 29, 2015

---

[8]*Id.* at *1.

5